IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| AARON JOSEPH LEE, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sgt. VIRGINIA WILLIAMS, *et al.*, | : | NO. 7:09-CV-12 (HL) |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **AARON JOSEPH LEE** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,'... without regard

1

to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II.  BACKGROUND

Plaintiff raises a variety of claims arising out of his former confinement at the Thomas County Jail.  Plaintiff states that he attempted to commit suicide several times from March 19-May 22, 2008, using a razor blade that jail officials continued to leave in his cell.  According to plaintiff, following one attempt, defendant Officers W. Cason and Freddie Jackson sprayed plaintiff with two cans of mace while plaintiff was restrained and naked, in order to give plaintiff "an attitude adjustment."  Following another suicide attempt, defendant Officers Frank Rollins and Player allegedly used excessive force in placing plaintiff in a straight jacket and sprayed plaintiff with mace.  Defendant Virginia Williams allegedly denied plaintiff access to physicians on multiple occasions.  Plaintiff additionally alleges that on April 3, 2008, his mother contacted defendant Captain John Richards and informed him of what was happening.  Captain Richards allegedly promised to investigate, but instead "swept [the incidents] under the rug."  Lastly, plaintiff names as defendants Sheriff Carlton Powell, because "everything that goes on his jail, he knows about,"

and the Thomas County Jail.

Plaintiff seeks damages for the above violations of his constitutional rights.

## III.  DISCUSSION

### A.  Thomas County Jail

The Thomas County Jail is not a proper defendant, as it is not an entity capable of being sued. ***See, e.g., Waller v. Horn,*** No. 5:06-cv-114 (WDO), 2006 WL 1582413, at *2 (M.D. Ga. June 6, 2006) (holding the Putnam County Jail is a nonsuable entity for section 1983 purposes). Accordingly, it is **RECOMMENDED** that the Thomas County Jail be **DISMISSED** as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B.  Sheriff Carlton Powell

Supervisory officials are not liable under section 1983 for having the "mere right to control without any control or direction having been exercised." ***Monell v. Department of Social Services of New York***, 436 U.S. 658, 694 n.58 (1978).  A supervisor has no *respondeat superior* liability for the misconduct of subordinates and is not liable under section 1983 for damages or injunctive relief unless the supervisor personally participates in the alleged unconstitutional conduct or there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation. ***Cottone v. Jenne***, 326 F.3d 1352, 1360 (11th Cir. 2003).  A causal connection may be shown (1) if the supervisor is on notice of historical widespread abuse and fails to take corrective

action, (2) the supervisor has a custom or policy that results in the alleged violation, or (3) if facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone*, 326 F.3d at 1360.

In the present case, there are no allegations whatsoever that Powell participated in or directed the alleged violations of which plaintiff complains, or knew of the alleged deprivations and failed to stop them. Nor does plaintiff allege that Powell maintained a policy or practice condoning such acts. Because vicarious liability alone will not support a claim for relief under section 1983, it is **RECOMMENDED** that Sheriff Carlton Powell be **DISMISSED** as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### *C. Remaining Defendants*

Plaintiff's allegations that he was subjected to unnecessary and excessive force which caused him to suffer significant harm and that he was denied medical treatment, are sufficient, at this juncture, for this Court to allow plaintiff's complaint to go forward against the remaining defendants.

### *IV. CONCLUSION*

In a separate order, the undersigned has directed that plaintiff's lawsuit go forward against defendants Sergeant Virginia Williams, Captain John Richards, and Officers Frank Rollins, Player, Freddie Jackson, and W. Cason. The undersigned **RECOMMENDS** that plaintiff's claims against

the Thomas County Jail and Sheriff Carlton Powell be **DISMISSED** and that they be **TERMINATED** as defendants herein.

    **SO RECOMMENDED**, this 26th day of February, 2009.

                                      */s/ Richard L. Hodge*
                                      RICHARD L. HODGE
                                      UNITED STATES MAGISTRATE JUDGE