IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

AARON JOSEPH LEE, :
:
    Plaintiff, :
:
:
VS. : 7: 09-CV-12 (HL)
:
THOMAS COUNTY JAIL, *et al.*, :
:
:
    Defendants. :

**RECOMMENDATION**

The plaintiff filed this action in January 2009, challenging certain conditions of his confinement at the Thomas County Jail during March 2008. Since filing a motion for appointment of counsel on February 13, 2009, the plaintiff has taken no action in this matter and has had no contact with the court. The plaintiff's service copy of the court's September 21, 2009, notification order pertaining to defendants' summary judgment motion was returned to the court, marked as "undeliverable" and "unable to forward". (Doc. 26). Based on the record of inactivity herein, the court issued a show cause order on June 15, 2010, directing the plaintiff to show cause as to why this case should not be dismissed for his failure to diligently prosecute this lawsuit. (Doc. 27); *see* Fed. R. Civ. P. 41(b). The plaintiff has failed to respond to the court's directive, and the plaintiff's service copy of the June 15, 2010, order was returned to the Court on June 23, 2010, as undeliverable, marked "Return to Sender" and "No longer in this jail". (Doc. 28).

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions

would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.,* 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of the plaintiff. More than one (1) year has elapsed since the plaintiff's last contact with the court. In light of the two (2) instances of mail addressed to the plaintiff being returned to the Court as undeliverable, the Court concludes that the plaintiff has clearly failed to keep the court informed as to his current address. The plaintiff has also failed to respond to court directives and to the defendants' summary judgment motion. Inasmuch as the plaintiff has failed to proceed in any substantive way with the litigation of this lawsuit in the past year, has failed to keep the Court informed as to his current address, and has failed to respond to the court's show cause order, it is the recommendation of the undersigned that this action be **DISMISSED**. The court finds that lesser sanctions will not suffice. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

**SO RECOMMENDED**, this 7th day of July, 2010.

                                      */S/ THOMAS Q. LANGSTAFF*
                                      **UNITED STATES MAGISTRATE JUDGE**

asb